UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. COLE, | 1:12-cv-00517 MJS HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | (Doc. 1) |
| HECTOR RIOS, JR., | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b). (ECF No. 4.)

Petitioner filed the instant petition for writ of habeas corpus on April 5, 2012. Petitioner is a federal prisoner serving a 120 month sentence following a conviction in the United States District Court for the Southern District of Mississippi for being a felon in possession of a firearm. Petitioner claims he is actually innocent of the offense and that there was an intervening change in the law. (See generally Pet., ECF No. 1.)

I.  **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v.

1  Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114
2  F.3d 1484, 1499 (9th Cir. 1997).

3  The Rules Governing Section 2254 Cases in the United States District Courts (Habeas
4  Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.
5  Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each
6  petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly
7  appears from the petition and any attached exhibits that the petitioner is not entitled to relief
8  in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990);
9  see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that
10 a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting
11 each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the
12 petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory
13 Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge
14 v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a
15 petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.
16 Hendricks v. Vasquez, 908 F.2d at 491.

17 Further, the Court may dismiss a petition for writ of habeas corpus either on its own
18 motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an
19 answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976
20 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

21 **II.   JURISDICTION**

22 A federal prisoner who wishes to challenge the validity or constitutionality of his
23 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the
24 sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In
25 such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not
26 collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas
27 corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.
28 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in

the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

### III.   ANALYSIS

On January 7, 2010, the United States District Court for the Southern District of Mississippi denied Petitioner's motion for Nunc Pro Tunc. See United States v. Cole, So. Dist. Miss., Case No. 3:03-cr-81-WHB, ECF No. 29. The court described Petitioner's prior efforts for review of his conviction:

> This cause is before the Court on Defendant's Motion for Nunc Pro Tunc. As Defendant is preceding pro se, the allegations in his Motion have been liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).
>
> On February 3, 2004, Defendant, Michael J. Cole ("Cole"), pleaded guilty

to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 27, 2004, Cole was sentenced to a 120-month term of imprisonment, to be followed by 3 years of supervised release, and was ordered to pay a partial fine in the amount of $2,000 and a special assessment of $100.

On May 31, 2005, Cole filed a Motion to Vacate or Set Aside his sentence pursuant to 28 U.S.C. § 2255 arguing that the Court erroneously included a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) when calculating his sentence. Cole's Motion to Vacate was denied on July 29, 2005, upon a finding that it was untimely. See Opinion and Order [Docket No. 22].

On or about January 4, 2010, Cole filed the Motion for Nunc Pro Tunc that is presently before the Court. In his Motion, Cole again argues that the sentence he received was "unlawful" because the Court erroneously applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) when calculating his sentence. Based on this argument, Cole requests that the Court "nunc pro tunc, revisit and remove this enhancement/this injustice and render ... a fair and lawful sentence for the crime [he] committed."

Although Cole labeled his current motion as a "Motion for Nunc Pro Tunc", the Court finds that because he is challenging errors that allegedly occurred at the time he was sentenced, his current motion is one that seeks relief under 28 U.S.C. § 2255. See e.g. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(finding that "[a] section 2255 motion ... provides the primary means of collateral attack on a federal sentence.... Relief under section 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing.")(citations omitted). The record shows, however, that Cole previously filed a 2255 Motion in this case that was denied by the Court. In order to file a second 28 U.S.C. § 2255 motion, the "motion must be certified" by a United States Court of Appeals. See 28 U.S.C. § 2255. Specifically, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. As there is no evidence that Cole complied with these necessary requirements, that is there is no evidence that the United States Court of Appeals for the Fifth Circuit certified Cole's present motion before it was filed, the Court finds that his successive motion for relief under 28 U.S.C. § 2255 must be dismissed. See United States v. Sellers, 247 F.3d 241, 241 (5th Cir. 2001) ("Because a successive § 2255 motion requires certification from this court prior to filing in the district court, the district court lacked jurisdiction to consider" the petitioner's motion even though it was styled as a motion to reconsider). See also United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998).

IT IS THEREFORE ORDERED that Cole's Motion for Nunc Pro Tunc, which the Court construes as a motion seeking relief under 28 U.S.C. § 2255, [Docket No. 28] is hereby denied.

On May 3, 2010, the United States Court of Appeals for the Fifth Circuit denied Petitioner's authorization to file a second or successive § 2255 motion.

The Ninth Circuit has "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an

'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed § 2255 motions, which were denied. Under the AEDPA, a prisoner may not bring a second or successive § 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008).

Here, Petitioner argues that a change in the law forms a basis for finding that the Court has authority to hear his § 2241 petition. Petitioner seeks relief pursuant to the holding the United States Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), addressing the requisite factors for a state law conviction to qualify as a "felony drug offense" under 21 U.S.C. § 851. Petitioner contends his prior felony conviction does not qualify as a prior conviction because he did not serve over a year and a day, and he is therefore innocent of the sentencing enhancement under § 851.

First, the decision in Simmons is not a Supreme Court decision or a Ninth Circuit decision but rather a Fourth Circuit decision. Therefore, it is not binding authority on this Court.

Second, the fact that Petitioner has previously filed a § 2255 motion which was denied does not render such relief inadequate or ineffective. Petitioner has not indicated whether he has sought or been granted permission from the United States Court of Appeals for the Fifth Circuit to file a second or successive motion with regard to this claim. 28 U.S.C. § 2255.

However, even if Petitioner was unable to meet the statutory requirements for filing a successive § 2255 motion, it does not automatically render the remedy under § 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a § 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255, and that the AEDPA required dismissal of petitioner's successive § 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to § 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under Section 2255, Petitioner's argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a previous § 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that § 2255 remedy was ineffective because he was denied permission to file a successive § 2255 motion, and stating that dismissal of a subsequent § 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of § 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United

States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior conviction which subjected him to mandatory enhancement. Under the savings clause, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy v. Pontesso, 328 F.3d, 1057 1060 (9th Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction.") Based on the foregoing, the Court finds that Petitioner has not demonstrated § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, § 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## III.  CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> >  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> >  (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

///
///
///
///
///

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 7, 2013              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE